# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 14, 2016

Plaintiff-Appellee,

v

No. 325039
Wayne Circuit Court

GREGORY TERRANCE LEE,

LC No. 14-002138-FC

Defendant-Appellant.

Before: GLEICHER, P.J., and CAVANAGH and FORT HOOD, JJ.

GLEICHER, J. (*concurring*).

I concur with the result reached by the majority. I write separately to respectfully disagree with one aspect of the majority's reasoning.

I agree that the trial court erroneously declared that "[m]anslaughter is not an included offense of [m]urder in the [f]irst [d]egree." Nevertheless, the majority holds, evidence that one of the victims reached for a gun after being instructed to "beat" defendant's "ass" "do[es] not support the conclusion that defendant was provoked to the extent that a reasonable person would lose control and act in the heat of passion," as "[d]efendant was, at best, goaded by words, and faced with an ephemeral possibility of some potential physical contact." I respectfully disagree with this conclusion. I believe that the record contains adequate evidence of *provocation* to support a voluntary manslaughter instruction. But it lacks evidence of a second element of that offense: that the defendant killed in the heat of passion.

Citing *People v Pouncey*, 437 Mich 382, 391-392; 471 NW2d 346 (1996), the majority opines that "mere words and insults will generally be considered insufficient provocation." The majority misreads *Pouncey*. Words alone may constitute adequate provocation, depending on the words and the circumstances. As the Supreme Court emphasized in *Pouncey*, "[t]he determination of what is reasonable provocation is a question of fact for the factfinder" unless "no reasonable jury could find that the provocation was adequate[.]" *Id.* at 390. In *Pouncey*, the Court cited LaFave & Scott, Criminal Law, § 76, pp 576-577, for the proposition that "words of an informative nature, rather than mere insults, have been considered adequate provocation." *Id.* at 391. The more current version of LaFave's treatise similarly observes that "words alone will sometimes do, at least if the words are informational (conveying information of a fact which constitutes a reasonable provocation when that fact is observed) rather than merely insulting or abusive words." LaFave, Substantive Criminal Law (2d ed), § 15.2(b), pp 499-500. And in

-1-

*Pouncey*, the Court was careful to add, "we decline to issue a ruling that insulting words per se are never adequate provocation." *Pouncey*, 437 Mich at 391.

But regardless of whether words suffice as adequate provocation, in this case words were coupled with action. Defendant testified that one of the victims reached for his waistband. Defendant then stated: "I swear I seen a gun." Given this testimony, I simply cannot agree with the majority that "[d]efendant was, at best, goaded by words, and faced an ephemeral possibility of some potential physical contact." According to defendant's testimony, this was far more than a verbal fracas.

Nevertheless, I believe that the trial court need not have instructed the jury regarding voluntary manslaughter, as a rational view of the evidence did not support that defendant acted in the heat of passion. "The provocation necessary to mitigate a homicide from murder to manslaughter is that which causes the defendant to act out of passion rather than reason." *Id.* at 389. That "passion" is otherwise characterized as "rage," "terror," or "wild desperation." LaFave, § 15.2(a), p 494 (quotation marks omitted). "A 'passion for revenge' . . . will not do." *Id.* To qualify as manslaughter, a killing

> must have been committed in a moment of frenzy or of temporary excitement. Manslaughter is homicide devoid of actions which require unimpassioned calculation for their accomplishment. If there be actions manifesting deliberation, it cannot be said, legally, that the homicide was the product of provocation which unseated reason and allowed passion free rein. [*People v Younger*, 380 Mich 678, 681-682; 158 NW2d 493 (1968).]

Defendant's testimony supports that defendant shot the victims when threatened by their words and acts. But no evidence substantiates that defendant was motivated by a passionate rage, frenzy or terror. Rather, defendant's testimony reflects deliberation rather than loss of control:

> *Q.* Did you commit a first degree murder against an Eric Jones?
>
> *A.* No. They was both down [sic] in self-defense.
>
> * * *
>
> *Q.* . . . And when he went for a waistband - - for a weapon - - how did you feel; what was your reaction to that?
>
> *A.* At first it was act on instinct. Which is, because of the relationship, self-perseverance [sic], you know, I just wanted to protect myself and make sure I was all right.

Under certain circumstances, a defendant appropriately claims self-defense and requests in the alternative that the jury return a voluntary manslaughter verdict. See *People v Heflin*, 434 Mich 482; 456 NW2d 10 (1990). In other words, the two defenses are not mutually exclusive. Here, however, no evidence supports that defendant was enraged or overwhelmed by a passionate and uncontrollable urge to do violence. Rather, defendant testified that he judged the

situation as one in which his life was in immediate danger, and acted accordingly. Based on his testimony, defendant was provoked. But no evidence suggests that he acted "out of passion rather than reason," *Pouncey*, 437 Mich at 389, or that he ever lost his self-control. On this basis, I concur with the majority's conclusion that no instructional error requiring reversal occurred.

/s/ Elizabeth L. Gleicher